### In re WILKES et al.

(Common Pleas of New York City and County, Special Term.  May 17, 1894.)

CONTEMPT OF COURT—OFFERING BOND WITH INSOLVENT SURETY.

Where the owner of premises, in order to discharge a mechanic's lien thereon, causes a bond to be presented to the lienholders' attorney, with the request that he consent that the court fix the amount of the security at the sum named in the bond, and the attorney refuses, because the surety is insolvent, whereupon the bond is withdrawn, but no notice of justification was given to the lienholders (Laws 1885, c. 342, § 24, subd. 6), no "action or proceeding" is pending, within Code Civ. Proc. §§ 14, 2281, limiting the power of the court to punish for contempt civilly to cases where the conduct complained of may defeat or impair the right or remedy of a party to a "civil action or proceeding."

Motion to punish George S. Wilkes, William S. Donnington, and Thomas H. Beekman for contempt of court in offering a bond with an insolvent surety in discharge of a mechanic's lien.   Denied.

Robt. J. Mahon, for the motion.

Thos. Allison, for Beekman.

Solomon Kohn, for Donnington.

Jas. Kearney, for Wilkes.

DALY, C. J.   It appeared that a mechanic's lien was filed by Mahoney and Wood upon premises owned by Donnington, and the latter, desiring to have the lien discharged, caused to be offered to the lienors' attorney a bond executed by himself and Wilkes as surety in $1,500, and asked the attorney to consent that the court fix the amount of the security to be given at that sum.   The attorney of the lienor declared at once that he knew about Wilkes, that he was insolvent, and that it would be futile to proceed further thereon. The suggestion seems to have been adopted, and the bond withdrawn. Application is now made to punish the parties concerned for contempt in offering the insolvent as surety.   It is a conclusive answer to the application that no right of a party to an action or special proceeding has been affected by the offer of the bond.   The power of the court to punish for contempt civilly is limited to the cases in which the conduct complained of may defeat, impair, impede, or prejudice the right or remedy of a party to a civil action or proceeding (Code, § 14), or is calculated to do so (Code, § 2281).   There was no action or proceeding pending, the lienors not having been noticed to appear in court for the justification of the sureties, as required by the mechanic's lien act (Laws 1885, c. 342, § 24, subd. 6).   The proposal for consent to the fixing of the amount of the bond was no part of any judicial proceeding, for until the statutory notice had been given no proceeding was instituted.   The lienors, therefore, were not parties to any action or proceeding, and the case is not within the provisions of the Code.   Motion denied, without costs.